DELANY v. DELANY, appellant.

*Judgment — opening upon condition — vacating.*

The court has the right to impose it, as a condition of opening a default, that there shall be a reference and a speedy trial. If the defendant does not choose to take the order, with the condition, he is at liberty to decline its benefits, and allow the judgment to stand; or, he may appeal from that part of the order imposing the condition. But, after proceeding upon the order, and after a judgment has been entered against him upon the referee's report, he cannot move to set aside the judgment as irregular.

APPEAL from an order of special term, denying defendant's motion to vacate and set aside the order of reference in this action, the judgment thereon and the subsequent proceedings, as illegal and void, on the ground of want of jurisdiction and irregularities. This action was for a limited divorce, and the complaint alleges abandonment and cruel treatment as the grounds for the decree asked for. Judgment was taken against defendant by default, March 30, 1870. On April 6, 1870, Judge BRADY made an order that the default be opened, the judgment to stand as security, and that the cause be referred. The trial before the referee then proceeded till October 5, 1871, when his report was filed and a judgment entered thereon for a limited divorce. Defendant objects to the order of reference, on the ground that the court had no jurisdiction to grant a reference without consent, and also for alleged irregularities in the various proceedings. There is a conflict as to whether the order opening the default was duly consented to by defendant's attorney. Judge INGRAHAM, in making the order appealed from, delivered the following opinion: "The judgment was opened by Justice BRADY on condition that the case should go to a reference, and he so ordered. If the defendant objected to the reference, he should have appealed from the order."

C. C. Egan, for appellant, cited 48 Barb. 566; 3 Rob. 642; 40 N. Y. 511; 18 L. J. Rep. 290, C. P.; 7 How. 259; 37 id. 36; 3 Abb. 167; 53 Barb. 488. Appearance before the referee and trying the cause does not operate as a waiver of the objection. 3 Barb. 232; 40 N. Y. 512; 4 Rob. 665; 35 How. 155 The objection may be taken advantage of at any time. 15 Johns. 21; 19 id. 162; 3 Cow. 372; 6 How. 163; 6 Barb. 613; 41 N. Y. 275. The condition imposed, of a reference, on opening the default, was improper. 5 Rob. 612; 26 How. 187.

Field & Shearman, for respondents.

PER CURIAM. For the reasons assigned by the court at special term, we are of opinion that the order appealed from should be affirmed. The application to open the default was to the favor, and not a matter of strict right. The court had a right to impose the condition of an immediate reference and speedy trial; and the defendant, if he did not choose to take the order with the condition, was

at liberty to decline its benefits, and allow the judgment on the trial by Judge CARDOZO to stand; or, as suggested by the court below, if the condition was improperly imposed, his remedy was by appeal from that part of the order. A reversal of the order of reference *in toto* would simply leave the former judgment in full force.

*Order affirmed.*